[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought in 8 Counts.
Count 1 alleges a breach of contract wherein the plaintiffs contracted with Bigelow Brook Homes, Inc. (Bigelow) to install the drywall on a house being built by Bigelow on Joshua Lane in the town of Coventry. The complaint alleges that Bigelow is a sham or alter ego of the defendants Christine Sammartino and Eugene Sammartino and seeks damages against the Sammartinos individually in addition to Bigelow. The plaintiffs (Dionne) allege they did the work and have not been paid in the amount of $6200.
Count 2 alleges, under the same facts, unjust enrichment.
Count 3 alleges, under the same facts, quantum meruit.
Count 4 alleges breach of an implied contract under the same facts.
Count 5 alleges a breach of contract between Dionne and Bigelow wherein Dionne claims he contracted with Bigelow to install drywall on property located on Brockway's Ferry Road in the town of Lyme, Connecticut. He further alleges that Bigelow is a sham or alter ego of the individual defendants Christine and Eugene Sammartino and seeks damages individually against them, again claiming he was not compensated for the work done.
Counts 6 through 8 track the same cause of action as do Counts 2 through 4 as they relate to the Lyme property. The claimed amount unpaid for the Lyme job is $3795. CT Page 12594
The defendants have denied the allegations and by special defense claim the work done was not of good quality and was not complete.
By way of second special defense, the defendants claim the plaintiff failed to pay their subcontractor resulting in a mechanic's lien being placed on their property. (The lien was subsequently withdrawn).
 Discussion of Counts 1 through 4 (Joshua Lane, Coventry)
The plaintiffs had a long history of doing dry-wall work for various corporations owned by either Eugene Sammartino or Christine Sammartino. In the past plaintiffs would be paid routinely by check from the particular corporation for whom the work was done.
In 1994, the plaintiffs entered into an oral contract to supply material and labor for drywall to the Joshua Lane property, (at the same time, Dionne contracted to do dry wall work on the Lyme property.) The contract was between Dionne and Bigelow Brook Homes, Inc., a Connecticut corporation. Christine Sammartino was and is the president of Bigelow. Eugene Sammartino has no affiliation with Bigelow. He is neither an officer nor a shareholder of that corporation. Dionne admittedly knew he was dealing with a corporation.
Dionne completed the Coventry job and submitted his invoices to Bigelow for $6200. Dionne thereafter commenced work on the Lyme property but did not complete that job because he had not been paid for the Coventry job. The defendants contend that the Coventry job was not of good quality although they concede that, after complaints, the work at Coventry was done satisfactorily. Their position is that both Coventry and Lyme were bid as one job and since Dionne did not complete the job at Lyme, he was not entitled to payment. The Court concludes, however, that these were separate bids for each job and Dionne, after having completed Coventry satisfactorily, was entitled to payment. Other than inconvenience there was no evidence of financial detriment to Bigelow.
Dionne seeks judgment against Bigelow and the Sammartinos individually claiming Bigelow is their sham or alter ego. The Court does not agree. CT Page 12595
Eugene Sammartino is not a director, shareholder or officer of Bigelow. Dionne knew that he was dealing with a corporation and had a history of dealing with various corporations with which one or the other Sammartino was involved. Eugene Sammartino never directly or impliedly led Dionne to believe he would be personally liable for the Bigelow's debt to him. While Dionne sometimes dealt with Eugene Sammartino at Coventry, Bigelow had an on-site foreman or overseer on the job-James Anderson-with whom Dionne also dealt.
The Sammartinos testified that Eugene sometimes would help with a particular problem Bigelow was having. Under the facts of this case Eugene Sammartino has no individual liability to Dionne. As for Christine Sammartino, under either the "instrumentality rule" or the "identity rule" for piercing a corporate veil as set forth in Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 220-21 (1987), the plaintiffs fail. The Court does not find that Christine Sammartino used her control of Bigelow to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty or a dishonest or unjust act in contravention of Dionne's legal rights.
With respect to the identity rule, that requires an equitable determination that the corporate firm is a cloak or a mask behind which injustice is done or equity subverted, so that liability should be transferred to an individual. However, the corporate shield should not be lightly disregarded even where there is but one stockholder. Falcone, supra, p. 222.
There was no attempt to mislead Dionne into thinking he was dealing with anything but a corporation. Indeed, the Dionnes themselves had previously incorporated their business and should have been aware that in knowingly dealing with a corporation, liability was likely limited to that entity.
The Court finds the issues in Count 1 for the plaintiff but only as to Bigelow.
For the foregoing reasons, it follows that the issues be found for the plaintiffs as to Counts 2 through 4 as to Bigelow only.
 Discussion of Counts 5 through 8 (Brockway's Ferry Road, Lyme)
CT Page 12596
The plaintiffs' had an oral agreement with Bigelow to do dry wall work at the Lyme property. The bid and contract price was $3795. Dionne commenced work at that site but left the job uncompleted. There was a conflicting evidence as to how much work was done at Lyme, but the dry wall was largely installed, although the taping of the seams was not done. Dionne left the Lyme job because he had not been paid for Coventry. Eugene Sammartino testified that Lyme was "not nearly done" and that some corrective work had to be done. There was evidence, however, that not all the dry wall was installed because of uncertainty as to where electrical and plumbing work was to be located.
Although the evidence on this issue was disputed and neither party could, with precision, detail the amount of work done, or the cost to repair or complete the job, the Court is satisfied that at least 60% of this job was done and the plaintiff is entitled to that portion of the contract price, $2277.
Accordingly, and for the reasons discussed previously, as to Count 5, the Court awards damages to the plaintiffs against Bigelow only, in the amount of $2277 and also finds for the plaintiff in Counts 6 through 8.
 Conclusion
Judgment shall enter for the plaintiffs against Bigelow Brook Homes, Inc. in Counts 1 through 4 in the amount of $6200, and in Counts 5 through 8 in the amount of $2277, making the total judgment against Bigelow Brook Homes, Inc. $8477.
Judgment shall enter for the individual defendants Eugene Sammartino and Christine Sammartino in all counts.
Klaczak, J.